*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAAD YOUSIF ISHOO and MARENA SAAD ISHOO,

        Plaintiffs-Appellants,

v

FARM BUREAU GENERAL INSURANCE COMPANY OF MICHIGAN,

        Defendant-Appellee.

UNPUBLISHED
May 21, 2026
9:44 AM

No. 370759
Wayne Circuit Court
LC No. 22-000973-NI

Before: CAMERON, P.J., and BORRELLO and SWARTZLE, JJ.

PER CURIAM.

Plaintiffs appeal by right the trial court's stipulated order of dismissal.[1] We dismiss this appeal for lack of jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arose after plaintiffs sought uninsured or underinsured motorist (UM/UIM) coverage and personal protection insurance (PIP) benefits from defendant for a hit-and-run accident. Relevant to this appeal, plaintiffs' insurance policy with defendant mandated that they permit defendant to inspect their vehicle within 15 days of the accident and that they submit to examinations under oath (EUO) as required by defendant. The policy further provided that "[n]o

---

[1] We initially dismissed plaintiffs' claim of appeal for lack of jurisdiction under *Sandoval v Farmers Ins Exch*, ___ Mich App ___; ___ NW3d ___ (Docket Nos. 361166 and 361176), vacated by 20 NW3d 588 (Mich, 2025). *Ishoo v Farm Bureau Ben Ins Co of Mich*, unpublished order of the Court of Appeals, entered June 10, 2024 (Docket No. 370759). Our Supreme Court vacated that order and remanded the case for reconsideration in light of this Court's recent decision in *Jaber v P & P Hospitality, LLC*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363572) (*Jaber II*). As will be discussed below, this case is distinct from *Jaber*, and we conclude that this Court lacks jurisdiction over plaintiffs' appeal.

-1-

legal action may be brought against [defendant] until . . . there has been full compliance with all the terms of this policy[.]"

Defendant requested to conduct an inspection of plaintiffs' car shortly after the 15-day time frame had passed, but plaintiffs did not respond. They later reported that they gave the car away within a week of the accident because the repair costs exceeded its value. Defendant also scheduled an EUO for plaintiffs, and instructed that, if they could not attend on the scheduled date, they should reach out "to arrange for a mutually agreeable time and date for the examination[.]" Plaintiffs did not reach out to inform defendant of any scheduling problems. Instead, they filed the instant lawsuit.

Defendant moved for partial summary disposition of plaintiffs' UM/UIM claims under MCR 2.116(C)(10) (no genuine issue of material fact). It argued that plaintiffs failed to comply with the car-inspection and EUO-attendance provisions of the policy, which precluded suit. The trial court agreed and dismissed plaintiffs' UM/UIM claims. The parties continued litigating plaintiffs' remaining PIP claims but ultimately stipulated to dismissal. The stipulated order provided that plaintiffs' claims were dismissed with prejudice, but did not include any reservation of appellate rights. Plaintiffs now appeal.

## II. STANDARD OF REVIEW

We review de novo "[w]hether this Court has jurisdiction to hear an appeal . . . ." *Varran v Granneman (On Remand)*, 312 Mich App 591, 598; 880 NW2d 242 (2015).

## III. ANALYSIS

Defendant argues that this Court lacks jurisdiction because plaintiffs failed to reserve their right to appeal in the stipulated order of dismissal. We agree.

"The jurisdiction of the court of appeals shall be provided by law and the practice and procedure therein shall be prescribed by rules of the supreme court." Const 1963, art 6, § 10. "Although parties typically may appeal a final order by right, the general rule is that parties who consent to a final order cannot appeal its merits." *Jaber v P & P Hospitality, LLC*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363572) (*Jaber II*); slip op at 4.[2] But "a consent judgment may be appealable when a reservation of rights is included." *Id*.

In *Jaber II*, the plaintiff was injured while standing outside a club when an employee was escorting an intoxicated patron outside. *Id*. at ___; slip op at 2. Things between the employee and patron became physical, and the employee "violently pushed or threw him into [the] plaintiff." *Id*. Plaintiff filed suit against the company that owned the club as well as the patron. *Id*. The trial court granted the club owner's motion for summary disposition and dismissed the plaintiff's claims

---

[2] *Jaber II* was decided by a conflict panel after this Court's initial decision, *Jaber v P & P Hospitality, LLC*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 363572) (*Jaber I*). Because the citations are identical, this opinion will use "*Jaber II*" even though it does not rely on *Jaber I*.

against the company with prejudice. *Id*. at ___; slip op at 2-3. Litigation continued between the plaintiff and patron, which ultimately resulted in the parties signing a stipulated order dismissing the plaintiff's remaining claims against the patron with prejudice. *Id*. at ___; slip op at 3. The dismissal order did not reserve the plaintiff's right to appeal the trial court's earlier grant of summary disposition to the club-owner company. *Id*. The plaintiff appealed from the final, stipulated order, but only challenged the trial court's grant of summary disposition. *Id*.

As a result, this Court was tasked with the question of "whether this Court has jurisdiction over a claim of appeal taken from a stipulated final order when the issue on appeal derives from an earlier interlocutory order *relating to another party* but the appellant did not reserve the right to appeal that issue in the stipulated final order." *Id*. (Emphasis added). *Jaber II* answered this question in the affirmative. *Id*. at ___; slip op at 10. But *Jaber II* expressly declined to address the issue in this case: "whether an appellant may raise issues arising out of an earlier order if the appellant, while failing to reserve the right to appeal, subsequently enters into a stipulated order of dismissal *as to the same party that was the subject of the earlier order*." *Id*. at ___ n 3; slip op at 2 n 3 (emphasis added).

"Stipulated orders that are accepted by the trial court are generally construed under the same rules of construction as contracts." *Phillips v Jordan*, 241 Mich App 17, 21; 614 NW2d 183 (2000), app dis 618 NW2d 591 (Mich, 2000). The goal of contract interpretation "is to give effect to the intent of the parties, to be determined first and foremost by the plain and unambiguous language of the contract itself." *Kendzierski v Macomb Co*, 503 Mich 296, 311; 931 NW2d 604 (2019) (quotation marks and citation omitted). The reasoning in *Jaber II* was premised on the fact that the plaintiff was challenging an order dismissing claims against a different party than the party to the stipulated order. It reasoned that a nonparty to a stipulated order "should not be permitted to dictate that [a] plaintiff [is] required to include a reservation of the right to appeal the earlier ruling" in the nonparty's favor. *Jaber II*, ___ Mich App at ___; slip op at 10.

This reasoning makes sense; a nonparty to a contract should not be able to claim protection under the contract to which only a party is entitled. But this is not the case here. Here, defendant was a party to the stipulated order. Thus, it was entitled to claim protection under the contract as a party. The stipulated order of dismissal states "that Plaintiffs Saad Yousif Ishoo and Marena Saad Ishoo's claims against Defendant Farm Bureau General Insurance Company of Michigan are dismissed with prejudice and without costs and fees to the parties." The parties used broad language in dismissing plaintiffs' "claims" against defendant—a party to the stipulated order—with prejudice. Plaintiffs' "claims" against defendant included both their UM/UIM claims and their PIP claims. Thus, when plaintiffs stipulated to the dismissal of their "claims" against defendant, the stipulation applied to their PIP claims as well as their UM/UIM claims previously dismissed. To infer that the broad term "claims" actually means "remaining claims" or "PIP claims" would be to read words into the contract's plain language; an exercise in which this Court may not partake. *Northline Excavating, Inc v Livingston Co*, 302 Mich App 621, 628; 839 NW2d 693 (2013), app dis 497 Mich 867 (2014).

Because plaintiffs consented to dismiss their "claims" against defendant with prejudice and did not reserve any appellate rights, they cannot challenge the trial court's decisions with respect to any of these "claims" on appeal. Accordingly, plaintiffs' appeal is dismissed for lack of jurisdiction.

/s/ Thomas C. Cameron
/s/ Stephen L. Borrello
/s/ Brock A. Swartzle